16-398-ag
*Peng Lin v. Sessions*

BIA
Morace, IJ
A205 930 983

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand eighteen.

PRESENT: RICHARD C. WESLEY,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PENG LIN, AKA JIEDI LIN,
*Petitioner,*

v. 16-398-ag

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER: TROY NADER MOSLEMI, Flushing, New York.

FOR RESPONDENT:                     CHRISTOPHER BUCHANAN, Trial Attorney, (Chad A. Readler, Acting Assistant Attorney General, Civil Division, Melissa Neiman-Kelting, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C..

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals (the "BIA"), **IT IS ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED**.

Petitioner Peng Lin, a native and citizen of China, seeks review of a January 19, 2016 decision of the BIA affirming the May 18, 2015 decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Peng Lin*, No. A205 930 983 (B.I.A. Jan. 19, 2016), *aff'g* No. A205 930 983 (Immig. Ct. New York City, May 18, 2015). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

Substantial evidence supports the agency's determination that Lin was not credible. Although Lin testified consistently with his earlier statements regarding the alleged police abuse he suffered at an unregistered church in China, he made a number of admittedly false statements about his prior travel, including: (1) how many times he had obtained a passport; (2) whether he obtained a passport to flee persecution or to travel; (3) when and how often he left China; and (4) where he travelled. These numerous false statements provided a substantial basis for the agency to question Lin's veracity with respect to all aspects of his claims. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Lin also failed to exhaust his due process claim. Lin's brief to the BIA only characterized his claim regarding the unsubmitted record as evidentiary in nature, with a single citation to Federal Rule of Evidence 611(a). "While this Court will not limit the petitioner 'to the exact contours of his argument below' . . . the issue raised on appeal must be either a 'specific, subsidiary legal argument[]' or 'an extension of [an] argument . . . raised directly before the BIA.'" *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) (per curiam) (quoting *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005)). Lin's claim on appeal is neither a specific, subsidiary legal argument nor an extension of his argument below. We therefore conclude that Lin's due process claim was unexhausted. Moreover, even

assuming the claim was exhausted, Lin was not prejudiced by the Government's failure to submit the document in question because he admitted the veracity of the information contained therein. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

We have considered Lin's remaining arguments and determined they lack merit. Accordingly, the petition for review is **DENIED**. As we have completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk